# ORIGINAL

GERALD HENNESSEY, TRUSTEE
7461 SHELTER COVE CIRCLE TRUST
1401 S. Sprague #193
Tacoma, WA 98405



**FILED**

**FEB 2 2 2016**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In Re:

7461 SHELTER COVE CIRCLE TRUST,

                          Debtor,

_____

BRADLEY DONOVAN,
                          Plaintiff,

Vs.

GERALD ALLAN HENNESSEY,
                          Defendant,

Chapter 7
Case No.: 8:16-BK-10052-ES

Removed State
Case no: 30-2015-00810545-CU-FR-CJC

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. 1452, 1441, and 1446, the Debtor herein hereby

gives Notice of Removal of this action from the State of California, Superior Court, County of

Orange, to the United States Bankruptcy Court for the Central District of California, Santa Ana

Division, on the basis that this is a case arising under Federal law based upon the following facts:

1. On January 6, 2016 Debtor filed a Chapter 7 Bankruptcy case in the United States Bankruptcy Court for the Central District of California, Santa Ana Division as case number 8:16-BK-10052-ES.

2. On September 18, 2015, Plaintiff in the above removed action filed a complaint in the State of California, Superior Court, County of Orange entitled Bradley Donovan Vs. Gerald Allen Hennessey, The 7461 Shelter Cove Circle Trust, and Does 1-20 inclusive, case no: 30-2015-00810545-CU-FR-CJC.

3. The complaint alleges *inter alia*, that Plaintiff as Grantor, induced Defendant to invest in Plaintiff's self-described "Sham Trust" wherein Plaintiff claims Debtor failed to make any Homeowner Association payments; and as a consequence Plaintiff in his legal theories and conclusions seeks declaratory relief to support Plaintiff's own admitted trespass upon the property of Defendant, seeking quiet title and damages in the amount of $50,000.00.

4. Although Plaintiff in his suit seeks monetary damages in the amount of $50,000.00, the amount in controversy exceeds $549,000.00 when the Real Property sought by Plaintiff is taken into consideration. Should Plaintiff prevail, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly valued at more than the jurisdictional minimum.

5. COMES NOW, Gerald Hennessey, as TRUSTEE, for 7461 SHELTER COVE CIRCLE TRUST, who wishes to exercise it's rights under the provisions of 28 U.S.C. 1452 and related provisions to remove this action from the State of California Superior Court, County of Orange. This Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. 1334 in that the action is a core proceeding. In addition, pursuant to 28 U.S.C. 1332 This Court has Original Jurisdiction. Further, this matter is one that may be removed to this court

pursuant to 28 U.S.C. 1441 because it is a civil action that is diverse between residents of

different states and the amount in controversy exceeds $75,000.00.

6.    Plaintiff has not yet served Defendant(s).

7.    This Notice of Removal is timely filed.

8.    This Notice of Removal is signed pursuant to the provisions of Rule 11 of the Federal

Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

9.    A copy of the State Court Docket is being filed with this Notice of Removal and is

attached hereto as Exhibit 1.


Wherefore, the Undersigned does affirm the action now pending before the State court as

being hereby removed by operation of law, and does respectfully request this court to

retain jurisdiction over this matter in the interests of timely resolution of all claims, in the

interest of satisfying all validated claims of creditors.


I certify under Penalty of Perjury under the laws of the State of Washington

that the foregoing is true and correct to my knowledge.


By: _____

GERALD HENNESSEY, TRUSTEE
7461 SHELTER COVE CIRCLE TRUST
1401 S. Sprague #193
Tacoma, WA 98405

GERALD HENNESSEY, TRUSTEE
7461 SHELTER COVE CIRCLE TRUST
1401 S. SPRAGUE #193
TACOMA, WA 98405

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 2 7 2016

ALAN CARLSON, Clerk of the Court

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ORANGE

BRADLEY DONOVAN, an individual,
                        Plaintiff,

Vs.

GERALD ALLEN HENNESSEY, and individual,
THE SHELTER COVE CIRCLE TRUST dated
March 26, 2012, and entity of unknown form, and
DOES 1-20 inclusive,
                        Defendants.

Case No.: 30-2015-00810545-CU-FR-CJC

Chapter 7 Case No.: 8:16-BK-10052-ES

NOTICE OF REMOVAL

In re: 7461 SHELTER COVE CIRCLE TRUST,
                        Debtor.

TO THE HONORABLE COURT AND ALL INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that the above-referenced action has been removed to the United

States Bankruptcy Court for the Central District of California. Attached hereto and made a part

hereof is a true and correct copy of the Notice of Removal filed in the Bankruptcy case of Defendant.

By: _____
GERALD HENNESSEY, TRUSTEE
7461 SHELTER COVE CIRCLE TRUST
1401 S. SPRAGUE #193
TACOMA, WA 98405

# Case Summary

| | |
|---|---|
| Case Number | 30-2015-00810545-CU-FR-CJC |
| Title | Bradley Donovan Vs. Gerald Allen Hennessey |
| Type | Fraud |
| Category | Civil - Unlimited |
| Judicial Officer | |

# Participants

| Name | Type | Start Date |
|---|---|---|
| The 7461 Shelter Cove Circle Trust Dated March 26, 2012 | Defendant | 09/21/2015 |
| Bradley  Donovan | Plaintiff | 09/21/2015 |
| Buffington Law Firm, Pc | Attorney | 09/21/2015 |
| Gerald A Hennessey | Defendant | 09/21/2015 |

# Hearings

| Date | Time | Description | Dept |
|---|---|---|---|
| 02/09/2016 | 08:45 | Case Management Conference | C25 |

# Register of Actions

| ROA | Date | Docket | Filing Party |
|---|---|---|---|
| 25 | 01/19/2016 | Payment Received By  For 209 - Advanced Jury Fee (Non-Refundable) In The Amount Of 150.00, Transaction Number 11907137 And Receipt Number 11731354. | |
| 24 | 01/19/2016 | Notice Of Posting Jury Fees Filed By Donovan, Bradley On 01/19/2016 | Donovan, Bradley On 01/19/2016 |
| 23 | 01/19/2016 | Case Management Statement Filed By Donovan, Bradley On 01/19/2016 | Donovan, Bradley On 01/19/2016 |
| 22 | 01/19/2016 | E-Filing Transaction 3371695 Received On 01/18/2016 04:09:38 Pm. | |
| 21 | 12/01/2015 | Application For Order For Publication Of Summons Filed By Donovan, Bradley On 12/01/2015 | Donovan, Bradley On 12/01/2015 |

**EXHIBIT  1**

| 20 | 12/01/2015 | Application For Order For Publication Of Summons Filed By Donovan, Bradley On 12/01/2015 | Donovan, Bradley On 12/01/2015 |
| 19 | 11/30/2015 | Payment Received By  For 37 - Requests Not Requiring A Hearing:  Continuance Of Hearing Or Case Management Conference; Stipulation And Order; Service By Posting Or Publication In The Amount Of 20.00, Transaction Number 11884369 And Receipt Number 11708562. | |
| 18 | 11/24/2015 | Proof Of Service (Not Found) Filed By Donovan, Bradley On 11/24/2015 | Donovan, Bradley On 11/24/2015 |
| 17 | 11/24/2015 | Declaration In Support Filed By Donovan, Bradley On 11/24/2015 | Donovan, Bradley On 11/24/2015 |
| 16 | 11/24/2015 | Application For Order For Publication Of Summons Received On 11/24/2015. | |
| 15 | 11/30/2015 | E-Filing Transaction 4468957 Received On 11/24/2015 02:50:47 Pm. | |
| 14 | 11/30/2015 | Payment Received By  For 37 - Requests Not Requiring A Hearing:  Continuance Of Hearing Or Case Management Conference; Stipulation And Order; Service By Posting Or Publication In The Amount Of 20.00, Transaction Number 11884337 And Receipt Number 11708530. | |
| 13 | 11/24/2015 | Proof Of Service (Not Found) Filed By Donovan, Bradley On 11/24/2015 | Donovan, Bradley On 11/24/2015 |
| 12 | 11/24/2015 | Declaration In Support Filed By Donovan, Bradley On 11/24/2015 | Donovan, Bradley On 11/24/2015 |
| 11 | 11/24/2015 | Application For Order For Publication Of Summons Received On 11/24/2015. | |
| 10 | 11/30/2015 | E-Filing Transaction 3355209 Received On 11/24/2015 02:38:29 Pm. | |
| 9 | 10/01/2015 | Notice Of Pendency Of Action Filed By Donovan, Bradley On 10/01/2015 | Donovan, Bradley On 10/01/2015 |
| 8 | 10/15/2015 | E-Filing Transaction 4444221 Received On 10/01/2015 05:49:59 Pm. | |
| 7 | 10/06/2015 | Case Management Conference Scheduled For 02/09/2016 At 08:45:00 Am In C25 At Central Justice Center. | |
| 6 | 09/18/2015 | Case Assigned To Judicial Officer Fell, Sheila On 09/18/2015. | |
| 5 | 09/21/2015 | Payment Received By  For 194 - Complaint Or Other 1st Paper In The Amount Of 435.00, Transaction Number 11850349 And Receipt Number 11674589. | |
| 4 | 09/18/2015 | Summons Issued And Filed Filed By Donovan, Bradley On 09/18/2015 | Donovan, Bradley On 09/18/2015 |
| 3 | 09/18/2015 | Civil Case Cover Sheet Filed By Donovan, Bradley On 09/18/2015 | Donovan, Bradley On 09/18/2015 |
| 2 | 09/18/2015 | Complaint Filed By Donovan, Bradley On 09/18/2015 | Donovan, Bradley On 09/18/2015 |
| 1 | 09/21/2015 | E-Filing Transaction 1280488 Received On 09/18/2015 04:21:28 Pm. | |

**EXHIBIT** _1_

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/18/2015** at 04:21:28 PM
Clerk of the Superior Court
By Rita Strom, Deputy Clerk

1 Roger J. Buffington (State Bar No. 191960)
Kaden J. Kennedy (State Bar No. 238699)
2 Adam M. Foster (State Bar No. 301507)
Buffington Law Firm, PC
3 8840 Warner Ave., Suite 300
Fountain Valley, CA 92708
4 Main: (714) 842-6124
Fax: (714) 842-6134
5 notice@buffingtonlawfirm.com

6 Attorneys for: Plaintiff Bradley Donovan

7
## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8
## FOR THE COUNTY OF ORANGE

9

10 | BRADLEY DONOVAN, an individual,

No.:  30-2015-00810546-CU-FR-CJC

Judge Sheila Fell

11

12 PLAINTIFF,

**COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF:**

13 vs.

14 GERALD ALLEN HENNESSEY, an
individual, THE 7461 SHELTER COVE
15 CIRCLE TRUST dated March 26, 2012, an
entity of unknown form, and DOES 1-20
16 inclusive,

**1) DECLARATORY RELIEF - QUIET
TITLE**
**2) DECLARATORY RELIEF -
CONSTRUCTIVE TRUST**
**3) UNLAWFUL BUSINESS PRACTICES
(CAL. BUS. AND PROF. CODE § 17200)**
**4) FRADULENT
MISREPRESENTATION**
**5) NEGLIGENT MISREPRESENTATION**
**6) BREACH OF FIDUCIARY DUTY**

17

18 DEFENDANTS.

19

20

21

22 DATE:
TIME:
23 DEPT:

24
Plaintiff Bradley Donovan alleges:

25

26 1.    Plaintiff Bradley Donovan ("Plaintiff") is an individual residing within Orange County,

27 California.

28

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
1

S:\Clients 2015\Donovan-1-RF-2015\Pleadings\Complaint.docx

2.      Defendant Gerald Allen Hennessey ("Hennessey") is an individual residing within the State of Washington.

3.      Defendant 7461 Shelter Cove Circle Trust dated March 26, 2012 ("Trust") is an entity of unknown form created in Orange County and with its principal place of administration in Orange County. The Trust is, in fact, a sham entity and not a conventional trust as defined by the California Probate Code. The Trust is truly a sham entity which has no separate legal existence from Defendant Hennessey. It is an alter ego of Hennessey. In the interests of justice, the Court should not recognize any separate, legal difference between Defendant Hennessey and Defendant Trust.

4.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and thereon alleges that each DOE defendant aided, abetted, or took part in the wrongful acts herein alleged and have possession of some or all of the property wrongfully taken from Plaintiff or owed to Plaintiff.

5.      Venue in Orange County is proper because the Subject Property, which is the focus of this case, is located in Orange County, California, to wit: 7461 Shelter Cove Circle, Huntington Beach, CA 92648; APN: 933-874-64; Legally Described as Tract 15531, Por. of Lot ("Subject Property") in the County of Orange. Further, virtually all of the actions and omissions discussed herein occurred in Orange County, California, including the administration of the sham Trust.

6.      On or about 2009, Plaintiff had fallen on hard economic times. Plaintiff owns the Subject Property, but like so many other Americans in the wake of the Great Recession had fallen behind on his mortgage payments for the Subject Property. The Subject Property is a single-family

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

2

1  dwelling located in Huntington Beach, California. The Subject Property had been Plaintiff's

2  primary residence.

3

4  7.     In order to continue making mortgage payments on the Subject Property, Plaintiff

5  decided to lease the property and put advertisements out to this effect. Hennessey agreed to lease

6  the Subject Property from Plaintiff for a period of one year.

7  8.     After the year lease expired on the Subject Property on or around 2010–2011, Hennessey

8  approached Plaintiff and inquired about a longer lease term and informed Plaintiff that

9  Hennessey provided services to the public as an "advocate for homeowners against banks." At

10 the time, Plaintiff was still having trouble with his mortgage payments on the Subject Property.

11

12 9.     On or about 2012, ostensibly in order to stop foreclosure procedures, Defendant

13 Hennessey created the aforementioned sham Trust. Title of the Subject Property was transferred

14 to the Trust. Hennessey further promised to act as Plaintiff's attorney-in-fact to resolve all the

15 mortgage issues with the Subject Property and Defendants would make payments on behalf of

16 Plaintiff for the mortgage and Home Owners Association ("HOA") fees. Plaintiff was to be the

17 sole beneficiary of the sham Trust. In exchange for the above, Hennessey was to receive a

18 portion of the Subject Property's equity when it was liquidated. Hennessey was also to receive

19 fees as trustee of the sham Trust.

20

21 10.    By making these representations that Hennessey would act as Plaintiff's attorney-in-fact,

22 Hennessey assumed fiduciary duties. Plaintiff reasonably and justifiably believed all of

23 Hennessey's representations because Plaintiff believed that, indeed, Hennessey was his attorney-

24 in-fact and was acting as Plaintiff's fiduciary. In sum, Plaintiff believed that the sham Trust was

25 for his benefit and that Defendants were acting in his best interest.

26

27

28

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

3

11.    The goal of the sham Trust was supposedly to liquidate the Subject Property's equity and prevent foreclosure, and for Defendants to resolve all outstanding legal issues as regards the foreclosure. Defendants did none of these things.

12.    Instead, Defendants hoodwinked Plaintiff into conveying title of the Subject Property to the Trust. Defendants then proceeded to collect rents on the Subject Property and converted them for Hennessey's own use, giving none of the rental proceeds to Plaintiff. Defendants further failed to make any mortgage payments on the Subject Property. Defendants also failed to make HOA fee payments as well. To date, the mortgage issues remain to be solved and Defendants have done nothing they agreed to do. In fact, Defendants have exacerbated the problem.

13.    Plaintiff only learned of the illegal and fraudulent nature of the Defendants' activates in August 2015 after he consulted actual, professional legal counsel. Accordingly the Statute of Limitations for causes alleged herein did not begin to run until August 2015.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
#### [Declaratory Relief – Quiet Title]

14.    Paragraphs 1–13 are herein incorporated and realleged.

15.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties. Plaintiff contends that Defendants do not have an enforceable claim to the Subject Property.

16.    Plaintiff desires a judicial determination of his rights and duties, and a declaration that the Defendants have no enforceable claims to the Subject Property.

17.    A judicial declaration is necessary and appropriate at this time so that Plaintiff may ascertain his rights and duties because the Subject Property's rightful owner is at issue, thereby

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

4

S:\Clients 2015\Donovan-1-RE-2015\Pleadings\Complaint.docx

constituting a grave risk for trespass. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights in the Subject Property.

18.    Plaintiff desires a judicial determination of his rights as to the Subject Property with respect to the Defendants' claim that the Defendants may make on behalf of the sham Trust, any other interest which Defendants claim as to the Subject Property, and judicial declaration that Plaintiff is the sole owner in fee simple absolute of the Subject Property.

19.    Plaintiff is seeking to quiet title to the Subject Property against Defendants' claims to hold title to the Subject Property as trustee of the sham Trust, specifically any and all rights claimed to be held by Defendants in connection with the Subject Property. The claims of Defendants are without any right whatever, and Defendants have no right, ownership interest, or any other interest whatever in the Subject Property or any part thereof.

20.    Defendants have caused Plaintiff a burden as regards the Subject Property by maintaining the Subject Property, renting it out, failing to make mortgage payments, failing to make HOA fees payments, and keeping all the rents, and preventing Plaintiff from occupying the Subject Property until recently. As detailed herein, Plaintiff is the rightful owner of the Subject Property, and the Defendants' alleged claims are of no force and effect.

21.    Defendants' conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff in that the Defendants may continue to burden the Plaintiff unlawfully, to wit: prevent the use of the Subject Property as Plaintiff's domicile and conversion of rents for the Subject Property, failure to resolve mortgage issues, etc. Absent an injunction, Defendants could, and surely will, continue to attempt to enforce their alleged right to maintain the Subject Property, prevent the use of the Subject Property by Plaintiff, the mortgage

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

5

1  situation will worsen, and Defendants will convert any rent funds as regards the Subject

2  Property.

3

4  22.    Plaintiff has no plain, speedy, or adequate remedy at law for the injuries that are

5  threatened in that it will be impossible for Plaintiff to determine the precise amount of damages

6  that Plaintiff will suffer if Defendants' conduct is not restrained.

7  23.    Plaintiff requests that the Court issue injunctive relief to prohibit Defendants and any of

8  Defendants' tenants and/or agents from entering into the Subject Property, and prevent

9  Defendants from further burdening the Subject Property and Plaintiff and/or enforcing any

10  purported claim(s) on the Subject Property that constitute this trespass. Plaintiff requests that

11  this Court stay any attempts by Defendants to enforce the Defendants' right to use, maintain, rent

12  or enter the Subject Property on and against the Subject Property during the pendency of this

13  litigation.

14

15

16  **SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**[Declaratory Relief - Constructive Trust]**

17  24.    Plaintiff re-alleges Paragraphs 1–23 above, as though set forth herein in full.

18  25.    Plaintiff holds rightful title to the Subject Property.

19

20  26.    Plaintiff alleges that Defendants, and each of them, hold title to the rents and all other

21  income derived from the Subject Property.

22  27.    Upon information and belief, Plaintiff alleges that Defendants have converted rent funds

23  for the Subject Property. Defendant as trustee of the sham Trust has acted in bad faith by

24  wrongfully taking rents and concealed the rents from Plaintiff. Under the Court's inherent,

25  equitable powers, Plaintiffs seek an order of this Court to determine that a Constructive or

26  Resulting Trust exists, for the benefit of the Plaintiff. Under the terms of such Trust, the

27

28

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

6

S:\Clients 2015\Donovan-1-RE-2015\Pleadings\Complaint.docx

1  Defendants are required to account for the Subject Property, Plaintiff's moneys received as rent,

2  and convey such forthwith to the Plaintiff.   — *Not supported*

3  *By the record*

4  ### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

5  **[Unfair Competition Under Cal. Bus. & Prof. Code § 17200 et seq.]**

6
7  28.    Paragraphs 1–27 are herein incorporated and realleged.

8  29.    Defendants have engaged in unlawful, unfair, and/or fraudulent business practices within

9  the meaning of California Business and Professions Code Section 17200, by creating the sham

10  Trust which was designed to unscrupulously take the Subject Property from Plaintiff and deprive

11  Plaintiff of the rents for the Subject Property.

12
13  30.    The natural, probable, and foreseeable result of Defendants' conduct has been and will

14  continue to be to injure Plaintiff and take any future rents from the lease of the Subject Property.

15  31.    Defendants have used these unfair business practices to their advantage, taking rents and

16  prospective tenants away from Plaintiff. Defendants have unfairly profited, and will continue

17  unfairly to benefit, as a result of these acts of unfair competition.

18
19  32.    Unless enjoined, Defendants will continue irreparably to harm Plaintiff. As such,

20  Plaintiff is entitled to injunctive relief prohibiting the Defendants from unfairly competing

21  against Plaintiff, and otherwise engaging in the unfair business practices herein alleged.

22
23  33.    Further, Plaintiff is entitled to the disgorgement of any and all trustee fees, attorney fees,

24  as regards practicing law without a license that Defendant Hennessey did in addition to rents.

25  Such acts are per se violations of the California Business and Professions Code §§ 6125, 6126—

26  the prohibition of practicing law in California without being a member of the State Bar of

27  California— and constitute unfair business practices and unlawful acts. Hennessey represented

28

---

### COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
7

S:\Clients 2015\Donovan-1-RE-2015\Pleadings\Complaint.docx

that he would act as Plaintiff's advocate in resolving the mortgage issues and be his attorney-in-fact which are plainly the tasks of an attorney.

34.    Plaintiff believes and alleges that Defendants repeatedly engaged in the same type of unfair conduct against other members of the public. By seeking an injunction, Plaintiff is conferring a benefit on the general public of California and is entitled to attorneys fees via the Private Attorney General doctrine.

### FOURTH CAUSE OF ACTION AGAINST HENNESSEY AND DOES 1-20
#### [Fraudulent Misrepresentation]

35.    Paragraphs 1–34 are herein incorporated and realleged.

36.    Defendant Hennessey made intentional, fraudulent misrepresentations to effectuate illegal and improper ends when Defendant Hennessey engaged in the unauthorized practice of law in direct violation of the California Business and Professions Code §§ 6125, 6126. Hennessey is not a member of the State Bar of California. Yet Hennessey agreed to be Plaintiff's attorney-in-fact and memorialized this in an agreement.

37.    Defendant Hennessey promised to make payments as regards the mortgage, pay HOA fees, and act as Plaintiff's attorney-in-fact to resolve the mortgage situation as regards the Subject Property when he had no intention of doing so. In direct violation of California Civil Code §§ 1709, 1710, Hennessey made such promises in bad faith and had no intent to act on his promises which were illegal in nature.

38.    Hennessey made these promises on or about 2010–2012 repeatedly at the site of the Subject Property, via telephone, and in writing. The sham Trust was an intentional scheme and that was deliberately created to take title to the Subject Property and rents from the Subject Property and thus Plaintiff.

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

8

39.    But for these misrepresentations by Hennessey, Plaintiff would have never agreed to the creation of the Trust, fraudulent actions taken in name of the Trust such as conversion of rents, etc. Plaintiff, believing Hennessey to be his attorney-in-fact, reasonably and justifiably relied on the promises and representations of Hennessey to be his attorney-in-fact and fiduciary. It was not until Plaintiff sought actual, professional legal counsel in August 2015 did he discover the fraudulent nature of Defendants' actions.

40.    Due to the Defendants' fraudulent actions, Plaintiff has been damaged in the amount subject to proof, but totaling at least $50,000.00. Defendants have converted years worth of rents at a valuable Huntington Beach property, supercharged the mortgage problems regarding the Subject Property, and failed whatsoever to make HOA fee payments, resulting in substantial debts owed on the Subject Property and punitive fines. The aforementioned conduct of Hennessey was an intentional misrepresentation, deceit, or concealment of material facts known to Hennessey with the intention on the part of Hennessey thereby depriving the Plaintiff of property and legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

### FIFTH CAUSE OF ACTION AGAINST HENNESSEY AND DOES 1-20
#### [Negligent Misrepresentation]

41.    Paragraphs 1-40 are herein incorporated and realleged.

42.    Defendant Hennessey made negligent misrepresentations to effectuate illegal and improper ends when Defendant Hennessey engaged in the unauthorized practice of law in direct violation of the California Business and Professions Code §§ 6125, 6126. Hennessey is not a member of the State Bar of California.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

9

43.    Hennessey unreasonably and negligently made promises to act as Plaintiff's attorney-in-fact when it was manifestly unreasonable to do so. Hennessey is not and has never been a member of the State Bar of California and is no way licensed to practice law and act as an advocate for Plaintiff by performing the tasks of an attorney in the State of California.

44.    Hennessey should have known that he would never resolve the mortgage issue, make mortgage payments, make HOA fee payments, and properly collect rent and distribute it to Plaintiff. Hennessey was never licensed as an attorney in California and could not carry out such plans due to his inherent lack of qualifications.

45.    Hennessey made these promises on or about 2010–2012 repeatedly at the site of the Subject Property, via telephone and in writing. The sham Trust was a negligent, ill-advised scheme and that was created to take title to the Subject Property and rents from the Subject Property and thus Plaintiff. The Trust is also an improper and incorrect entity for such a business purpose as envisioned by the California Probate Code and the California Corporations Code.

46.    But for these misrepresentations by Hennessey, Plaintiff would have never agreed to the creation of the Trust, actions taken in name of the Trust such as conversion of rents, etc. Plaintiff believing Hennessey to be his attorney-in-fact, reasonably and justifiably relied on the promises and representations of Hennessey to be his attorney-in-fact and fiduciary. It was not until Plaintiff sought actual, professional legal counsel in August 2015 did he discover the nature of Defendants' actions.

47.    Due to the Defendants fraudulent actions, Plaintiff has been damaged in the amount subject to proof, but totaling at least $50,000.00. Defendants have converted years worth of rents, increased amounts owed on the mortgage, and failed whatsoever to make HOA fees payments. The aforementioned conduct of Hennessey was a fraudulent misrepresentation, deceit,

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

10

or concealment of material facts known to Hennessey with the intention on the part of Hennessey thereby depriving the Plaintiff of property and legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## SIXTH CAUSE OF ACTION AGAINST HENNESSEY AND DOES 1-20
### [Breach of Fiduciary Duty]

48.    Paragraphs 1–47 are herein incorporated and realleged.

49.    Hennessey promised and agreed to become Plaintiff's attorney-in-fact orally and in writing. By undertaking such representations, Hennessey assumed fiduciary duties to Plaintiff.

50.    Hennessey's acts and omissions as herein alleged have harmed Plaintiff as discussed above. Hennessey's acts and omissions fell below the standard required for one acting in a fiduciary capacity. To wit: Hennessey failed to resolve the mortgage situation, failed to pay the mortgage, failed to pay HOA fees, converted rents, etc. Simply put, Hennessey did the opposite of acting in Plaintiff's best interests.

51.    Due to Hennessey's failure to act with the standard of care that is appropriate for a fiduciary, Plaintiff has been damaged in the amount subject to proof, but totaling at least $50,000.00. Defendants have converted years worth of rents, increased amounts owed on the mortgage, and failed whatsoever to make HOA fees payments. The aforementioned conduct of Hennessey was an intentional misrepresentation, deceit, or concealment of material facts known to Hennessey with the intention on the part of Hennessey thereby depriving the Plaintiff of property and legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
11

**WHEREFORE,** Plaintiff prays to this Court for the following relief:

1.      Plaintiff requests that the Court issue injunctive relief to prohibit Defendant and any of Defendant's tenants and/or agents from entering into the Subject Property, and prevent Defendant from further burdening the Subject Property and Plaintiff and/or enforcing any purported claim(s) on the Subject Property that constitute this trespass.

2.      Plaintiff requests that this Court stay any attempts by Defendant to enforce the Defendant's right to use, maintain, rent or enter the Subject Property on and against the Subject Property during the pendency of this litigation.

3.      Plaintiff requests that the Court issue an order quieting title to the Subject Property and that Defendant be ordered to convey title of the Subject Property to Plaintiff

4.      Plaintiffs seek an order of this Court to determine that a Constructive or Resulting Trust exists, for the benefit of the Plaintiff.  Under the terms of such Trust, the Defendants are required to account for the Subject Property, Plaintiff's moneys received as rent, and convey such forthwith to the Plaintiff.

5.      Plaintiff requests that the Court issue an order that Defendant disgorge all fees incurred as trustee of the Trust.

6.      Plaintiff requests that the Court issue an order that Defendant disgorge all fees incurred as Plaintiff's Attorney-in-Fact.

7.      Plaintiff requests monetary damages in amount subject to proof at trial, totaling at least $50,000.00.

8.      For punitive damages in an amount appropriate to punish the Defendant and deter others from engaging in similar misconduct.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
12

9.    For Plaintiff's attorneys fees, costs, and expenses.

10.    All other remedies which the Court deems just and proper to grant.


Dated: September 18, 2015          Buffington Law Firm, PC


                                   Roger J. Buffington
                                   Kaden J. Kennedy
                                   Adam M. Foster
                                   Attorneys for Plaintiff Bradley Donovan

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
13

S:\Clients 2015\Donovan-1-RE-2015\Pleadings\Complaint.docx

## VERIFICATION

1

2      I, Bradley Donovan, am the Plaintiff in the above-entitled proceeding. I have read the

3  foregoing Complaint and know the contents thereof. The same is true of my own knowledge,

   except as to those matters which are therein stated on information and belief, and as to those

4  matters, I believe it to be true.

5      I declare under penalty of perjury under the laws of the State of California that the

6  foregoing is true and correct.

7

8  Bradley Donovan
   Declarant and Plaintiff

9

10  Dated:  9-18-2015

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
14

S:\Clients 2015\Donovan-1-RE-2015\Pleadings\Complaint.docx

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Brooke A. Buchanan    (Bar # 286295)<br>Buffington Law Firm, PC<br>8840 Warner Avenue, Suite 300<br>Fountain Valley, CA 92708<br>TELEPHONE NO: (714) 842-6124    FAX NO. (Optional): (714) 842-6134<br>E-MAIL ADDRESS (Optional): notice@buffingtonlawfirm.com<br>ATTORNEY FOR (Name): Bradley Donovan, Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

STREET ADDRESS: 700 Civic Center Drive West

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana 92701

BRANCH NAME: Central

PLAINTIFF/PETITIONER: Bradley Donovan

DEFENDANT/RESPONDENT: Gerald Allen Hennessey

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)    [ ] **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 30-2015-00810545 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: February 9, 2016    Time: 8:45 a.m.    Dept.: C25    Div.:    Room:

Address of court *(if different from the address above)*:

[ ] Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [X]  This statement is submitted by party *(name)*: Bradley Donovan
   b. [ ]  This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*: September 18, 2015
   b. [ ]  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not)*:
      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ]  have had a default entered against them *(specify names)*:
   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.  Type of case in  [X] complaint    [ ] cross-complaint    *(Describe, including causes of action)*:
      Declaratory Relief - Quiet Title, Declaratory Relief - Constructive Trust, Unlawful Business Practices,
      Fraudulent Representation, Negligent Representation, Breach of Fiduciary Duty

CM-110

| PLAINTIFF/PETITIONER: Bradley Donovan | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | 30-2015-00810545 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Defendant Hennessey promised to act as Plaintiff's attorney-in-fact and assumed fiduciary duties to resolve Plaintiff's mortgage issues and prevent foreclosure on Plaintiff's property that Defendant was leasing. Defendant executed a trust claiming that he was to make HOA and mortgage fees on the Property. Defendant transferred title of the Property to the Trust. Defendant never performed his duties. Defendant converted all rent proceeds for his own use and made no mortgage or HOA payments on the property. Plaintiff never received any of these funds. Defendant owes Plaintiff at least $50,000.00 in monetary damages and the Property should be returned to Plaintiff.
☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
February 16, March 2, 7, April 4, 14, 15, 21, 25, May 31, June 6, 20, July 6, 25, August 15, October 24, December 12, 2016.

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☒ days *(specify number):* 4
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 2 of 5

LexisNexis® Automated California Judicial Council Forms

CM-110

| PLAINTIFF/PETITIONER: Bradley Donovan | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | 30-2015-00810545 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*.

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

LexisNexis® Automated California Judicial Council Forms

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: Bradley Donovan | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: | 30-2015-00810545 | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | June 18, 2016 |
| Plaintiff | Deposition of Defendant | June 18, 2016 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**
*LexisNexis®, Automated California Judicial Council Forms*

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: Bradley Donovan | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | 30-2015-00810545 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case).*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 18, 2016

_____
Brooke A. Buchanan, Esq.
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and
not a party to the within action; my business address is 8840 Warner Ave., Suite 300
Fountain Valley, CA 92708.

On January 18, 2016, I served the foregoing document described as:

- **CASE MANAGEMENT STATEMENT**

- **NOTICE OF POSTING JURY FEES**

in the following manner:  *(X) Via US Mail*

| Gerald Allen Hennessey<br>4031 Alturus St., West, Unit 100<br>University Place, WA  98466 | Gerald Allen Hennessey,<br>Trustee of the 7461 Shelter Cove Trust<br>Dated March 26, 2012<br>4031 Alturus St., West, Unit 100<br>University Place, WA  98466 |
|---|---|
| | |

As follows: I am "readily familiar" with the Firm's practice of collection and processing
correspondence for mailing with the United States Postal Service. Under the practice it
would be deposited with the U.S. Postal Service on that same day with postage thereon
fully prepaid at Orange County, California, in the ordinary course of business. The
envelope is sealed and placed for collection and mailing on this date, following ordinary
business practices. I am aware that on motion of the party served, service is presumed
invalid if postal cancellation date or postage date is more than 1 day after date of deposit
for mailing in this affidavit.
Executed on January 18, 2016, at Orange County, California.

I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

Jessica A.M. DeMarco

Roger J. Buffington (State Bar No. 191960)
Kaden J. Kennedy (State Bar No. 238699)
Adam M. Foster (State Bar No. 301507)
Buffington Law Firm, PC
8840 Warner Ave., Suite 300
Fountain Valley, CA 92708
P: 714-842-6124
F: 714-842-6134
notice@buffingtonlawfirm.com
www.buffingtonlawfirm.com

Attorneys for: Plaintiff Bradley Donovan

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| BRADLEY DONOVAN, an individual,<br><br>   PLAINTIFF,<br><br>vs.<br><br>GERALD ALLEN HENNESSEY, an individual, THE 7461 SHELTER COVE CIRCLE TRUST dated March 26, 2012, an entity of unknown form, and DOES 1-20 inclusive,<br><br>   DEFENDANTS. | Case No:  30-2015-00810545-CU-FR-CJC<br><br>**NOTICE OF POSTING JURY FEES**<br><br>DATE:<br>TIME:<br>DEPT:  C-25<br><br>Assigned to: Hon. Judge Sheila Fell<br>Action filed: September 18, 2015 |

TO ALL PARTIES AND THIER ATTORNEYS OF RECORD:

**NOTICE OF POSTING JURY FEES**

1

1
2
3
4
5
6
7
8
9

CERTIFICATE OF SERVICE

10
11

I hereby certify that a copy of:

12

NOTICE OF REMOVAL

13
14

MOTION TO DISMISS

15

was mailed First Class, postage paid, this 4th day of February, 2016 to:

16

WENETA M.A. KOSMALA
17                     U.S. Trustee
P.O. Box 16279
18                  Irvine, CA 92623

19
20      By: _____

GERALD HENNESSEY, TRUSTEE
21      7461 SHELTER COVE CIRCLE TRUST
1401 S. Sprague #193
22                          Tacoma, WA 98405

23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

CERTIFICATE OF SERVICE

11

12

I hereby certify that a copy of:

13

NOTICE OF REMOVAL

14

MOTION TO DISMISS

15

16

was mailed First Class, postage paid, this 4th day of February, 2016 to:

17

Bradley Donovan
7461 Shelter Cove Circle

18

Huntington Beach, CA 92648

19

20

By:_____

21

GERALD HENNESSEY, TRUSTEE
7461 SHELTER COVE CIRCLE TRUST

22

1401 S. Sprague #193
Tacoma, WA 98405

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

CERTIFICATE OF SERVICE

I hereby certify that a copy of:

NOTICE OF REMOVAL

MOTION TO DISMISS

was mailed First Class, postage paid, this 4th day of February, 2016 to:

Buffington Law Firm, P.C.
8840 Warner Ave. Suite #300
Fountain Valley, CA 92708

By:_____
GERALD HENNESSEY, TRUSTEE
7461 SHELTER COVE CIRCLE TRUST
1401 S. Sprague #193
Tacoma, WA 98405

GERALD HENNESSEY, TRUSTEE
7461 SHELTER COVE CIRCLE TRUST
1401 S. Sprague #193
Tacoma, WA 98405

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In Re:

7461 SHELTER COVE CIRCLE TRUST,

Debtor,

BRADLEY DONOVAN, an individual,
Plaintiff,

Vs.

GERALD ALLEN HENNESSEY, and individual,
THE SHELTER COVE CIRCLE TRUST dated
March 26, 2012, and entity of unknown form, and
DOES 1-20 inclusive,
Defendants,

Chapter 7
Case No.: 8:16-BK-10052-ES

Removed State
Case no: 30-2015-00810545-CU-FR-CJC

MOTION TO DISMISS WITH
PREJUDICE

COMES NOW, Gerald Allan Hennessey, as Trustee for the Debtor, 7461 SHELTER COVE CIRCLE

TRUST, with its Motion to Dismiss With Prejudice as follows:

//

//

//

//

//

# TABLE OF CONTENTS

I.  INTRODUCTION..................................................................................................1

II.  SUMMARY OF FACTUAL BACKGROUND..............................................................1

III.  DISCUSSION..................................................................................................6

    a.  The Applicable Legal Standard.................................................................7

    b.  Dismissal of All Claims Asserted Against Defendants is Warranted Under Rule
        12(b)(6)..............................................................................................8

    c.  Plaintiff's First Cause of Action for Declaratory Relief Fails..........................9

    d.  Plaintiff's Second Cause of Action for Declaratory Relief, Constructive Trust Fails..9

    e.  Plaintiff's Third Cause of Action for Unlawful Business Practices (Cal. Bus. And
        Prof. Code 17200) Fails.........................................................................10

    f.  Plaintiff's Fourth Cause of Action for Fraudulent Misrepresentation Fails............10

    g.  Plaintiff's Fifth Cause of Action for Negligent Misrepresentation Fails...............10

    h.  Plaintiff's Sixth Cause of Action for Breach of Fiduciary Duty Fails..................11

IV.  CONCLUSION................................................................................................11

# TABLE OF AUTHORITIES

<u>Cases</u>

*Ashcroft v. Iqbal*

    556 U.S. 662, 129 S. Ct. 1937 (2009)............................................................9

*Associated General Contractors of Calif., Inc., v. Calif. State Council of Carpenters*

    459 U.S. 519 (1983)................................................................................10

*Balistreri v. Pacifica Police Dep't,*

    901 F.2d 696, 699 (9th Cir. 1990)...............................................................9

*Bell Atlantic Corporation v. Twombly,*

     550 U.S. 544, 554-63, 127 S. Ct. 1955 (2007)............................9

**Statutes**

Fed. R. Civ. P. 10(c)..............................................................9

Fed. R. Civ. P. Rule 8............................................................9

Fed. R. Civ. P. Rule 12(b)(6)....................................................9

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

According to Plaintiff's complaint, Plaintiff previously owned the real property commonly known as 7461 Shelter Cove Circle, Huntington Beach, CA 92648 (hereinafter as "Subject Property"). Around 2010 Plaintiff purchased a second property commonly known as 42646 Meadowlark Ridge, Murrieta, CA 92562(hereinafter as "Murrieta Property").  Shortly after purchase of the Murrieta property, Plaintiff vacated the subject property and ceased making payments on the Mortgage and the Homeowner Association Dues (hereinafter as "HOA") for the Subject Property, as he seemingly failed for unknown reasons to envision being unable to afford two homes on his limited income.

**II.    SUMMARY OF FACTUAL BACKGROUND**

When faced with foreclosure of the Subject Property, Plaintiff rented the subject property and collected rents, but failed to apply the rents to the Mortgage or HOA arrears.  Then, on November 6, 2011, Plaintiff posted an advertisement on "Craigslist" (see Exhibit A) to which Defendant responded while seeking a short-term vacation rental property in Huntington Beach.  The advertisement offered a "quasi" one year lease in return for an advance payment of 3 months market rent value, that

Defendant agreed to and paid to Plaintiff, where Plaintiff promised to apply the proceeds to the

mortgage and HOA arrears so that Defendant could enjoy at least 3 months in the property, perhaps

longer.   Plaintiff then proceeded to pocket the funds for himself and never forwarded the payments

he promised to pay to the Bank or HOA.  Defendant therefore became required to pay for all costs

himself including repairs to the property that had been deferred by Plaintiff for years.

Four months later on March 23, 2012, Plaintiff, as Grantor offered to transfer the property into trust,

providing to Defendant as Trustee, the requisite authority to negotiate with creditors and others via

Power of Attorney.  In return for Defendant agreeing to invest his own funds toward all costs of

fulfilling such tasks, Defendant was awarded by agreement 50% of the net proceeds, with Plaintiff to

receive the other 50% of the proceeds, at the time of sale of the property to a third party only,

securing Defendant to exclusively care and maintain the property at his own expense, and receive

reimbursements of all expenses via rents and exclusive use of the Subject Property.  Defendant, while

residing in Washington State, later offered individual rooms for rent periodically to help reimburse

Defendant for his advances to the monthly expenses of the estate such as utilities and other expenses,

as authorized by the Plaintiff's Offer and Agreement (See Exhibit C).


Defendant continued to care and maintain the property as agreed, and negotiations began in 2012

with a degree of success as the Bank voluntarily vacated their proposed foreclosure sale to enable

negotiations to continue, and negotiations did continue as can be seen via exhibits I, J, K, L, and M.

Defendant and Plaintiff did not and could not make any representations as to the amount of time the

process of resolving the mortgage(s) and HOA would take.

Finally, in October 2014, the HOA proceeded to foreclose on the subject property, despite payments being made by Defendant only, where Defendant was forced to redeem the property from the HOA foreclosure.  To accomplish this, Defendant obtained a loan to redeem the unpaid HOA fees in the total amount of $19,387.16 (See Exhibit G).

Shortly after, Plaintiff threatened Defendant with undefined legal action if he did not list the property for sale immediately, although negotiations with the Bank were not yet completed.  Defendant responded by immediately retaining the services of a Real Estate Broker to offer the property for sale (for the third attempt in 3 years).  Although the subject property increased in value from $330,000.00 to $550,000.00 during this time that Defendant maintained and improved the property at his own expense, the sales process did not go well, as 5 other owners in the same community offered their properties for sale at the same time, saturating the local market with excess inventory.

Plaintiff shortly thereafter demanded that the sales price be dropped by $50,000.00 to stimulate a sale as he had become desperate to receive his proceeds due to a completed foreclosure action on his Murrieta property that was about to render him homeless.  When no offers came in on the subject property at the new price, Plaintiff then demanded that Defendant pay him the sum of $50,000.00 or else he would accuse the Defendant of committing a crime, although no crime was purported or alleged at the time, providing no fair notice to Defendant, although perhaps constituting extortion.  Defendant then respectfully declined to pay Plaintiff's demanded sum, and Plaintiff then offered to pay Defendant a meager $500.00 to walk away from his rights to the property and allow Plaintiff to return to enjoying the short term use without paying the mortgage or HOA in following the same *Modus Operandi* utilized in his Murrieta property to reside payment free for as long as possible until the HOA and Bank resume their foreclosure action.

During this time, Plaintiff filed a Chapter 13 Bankruptcy merely to enjoy the benefit of the automatic stay, giving him several extra months to reside in his Murrieta home payment free post-foreclosure. Finally on 5/29/15 the Writ of Possession was returned satisfied by the Riverside County Sheriff Department based upon the Unlawful Detainer case # SWC1500167. Plaintiff then spent the next couple months without residence.

Finally, on September 12, 2015 Defendant inquired with the Listing Agent as to the status, and was informed about the trespass of Plaintiff upon the property of Defendant, and the cancellation of the listing. Plaintiff, on September 18, 2015 filed the removed action presumably (and by Plaintiff's own admission in his complaint) to create "color of interest" in the property to stave off local police from ejectment due to his admitted trespass. Service upon Defendants has not yet been effectuated.

Defendant has been harmed due to the loss of possession of the property and its contents (an entire home filled with personal furniture, clothing, appliances, tools, and other personal belongings of Defendant). When confronted by text message, Plaintiff replied with "Stay away from my home".

Plaintiff in his complaint alleges many claims that are not supported by the record, and Plaintiff provides no evidence in support of his claims. While Plaintiff purports himself to be ignorant of the facts, Plaintiff was well informed as evidenced by the following ***notarized*** documents executed on three distinct occasions:

1.      December 6, 2011 – Memorandum of Intent (Exhibit B)

2.      March 23, 2012 – Power of Attorney, Grant Deed, Memorandum of Intent (Exhibit C)

3.      August 23, 2013 – Uninsured Transaction Affidavit (Exhibit D)

To further underscore the non-owner status of Plaintiff, See Exhibit H – "2014 Chapter 7 schedules" that detail Plaintiff's only Real Property interest owned:  the Murrieta property. Put plainly, The Plaintiff's own 2014 Chapter 7 schedules confirm Defendants' position that Plaintiff has no ownership interest in the subject property, is not on title, and only retained a right to receive funds at the eventual time of sale as a creditor only.

On September 18, 2015, Plaintiff in the above-removed action filed a complaint in the State of California, Superior Court, County of Orange entitled Bradley Donovan Vs. Gerald Allen Hennessey, The 7461 Shelter Cove Circle Trust, and Does 1-20 inclusive, case no: 30-2015-00810545-CU-FR-CJC.  Service has not yet been effectuated upon Defendants.

The complaint alleges *inter alia*, that Plaintiff as Grantor, induced Defendant to invest in Plaintiff's self-described "Sham Trust" and the Subject Property with the intent to deceive Defendant, wherein Plaintiff then falsely claims Defendants failed to make any Homeowner Association payments; and as a consequence Plaintiff in his legal theories and conclusions wrongfully asserts he is entitled to declaratory relief presumably to utilize the courts to legitimize and support Plaintiff's own admitted trespass upon and theft of the property of Defendants.

On January 6, 2016 Debtor filed a Chapter 7 Bankruptcy case in the United States Bankruptcy Court for the Central District of California, Santa Ana Division as case number 8:16-BK-10052-ES.

On January 27, 2016, Debtor removed the State Action to This Court with its' Notice of Removal.

## III.    **DISCUSSION**

Plaintiff, in his complaint makes generalized allegations and conclusions of law that are not supported by the record or law, where Plaintiff concludes "there were violations" without providing any facts in support thereof.

Plaintiff's complaint is a puzzle-pleading that leaves Defendants and This Court to guess what allegations form the basis of each of the claims. Put simply, Plaintiff's complaint falls short of a "short and simple statement" as required by F.R.C.P. Rule 8.

Plaintiff has failed to state a single viable cause of action against Defendants. In sum, Plaintiff's entire complaint is based upon the erroneous contention that the express agreement among the Plaintiff and Defendants is now somehow void because Plaintiff is desperate for housing, and is unwilling to pay for it himself, instead imposing his desired welfare as a consequence upon Defendants. Plaintiff has chosen to ignore the law, and the agreements of the Plaintiff and Defendants, in his intentional trespass, infliction of damages, and theft of property of the Defendants.

Plaintiff's contentions are contrary to the statutory authority governing trusts. Plaintiff cannot seek declaratory relief to determine whether Defendants had the agreed upon authority to act as specifically authorized and memorialized by the operative private trust agreement, where said terms are defined plainly therein. As such, Plaintiff's complaint is fatally defective in its' entirety.

Plaintiff's claims et al are inadequately pled as Plaintiff's claims are based on flawed legal conclusions unsupported by any specific factual allegations.

In fact, Plaintiff in his complaint admits to defaulting on his obligations prior to entering into an

agreement with Defendants.  Plaintiff does not allege he has made any payments or cured the

arrearages and default amounts.  Plaintiff fails to allege any specific facts that would support the

relief requested.  Defendants therefore respectfully request This Court grant Defendants Motion to

Dismiss Plaintiff's Complaint in its entirety, with prejudice, for Failure to State A Claim Upon

Which Relief May Be Granted.

### A.    The Applicable Legal Standard

The sufficiency of a claim for relief is governed by Fed. R. Civ. P. 8(a)(2), which requires that a

pleading contain "a short and simple statement of the claim showing that the pleader is entitled to

relief."  The United States Supreme Court in *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544,

554-63, 127 S. Ct. 1955 (2007), re-examined this standard in the context of an antitrust case.  The

Court held that plaintiffs could not satisfy Rule 8(a)(2) with mere conclusory statements; rather

plaintiffs must include sufficient factual allegations to make a claim ***at least plausible, as opposed to***

***merely possible.***    Thus under Rule 12(b)(6), dismissal is proper when the plaintiff either lacks a

"cognizable legal theory" or where there is a "legally cognizable" right but the plaintiff fails to allege

sufficient facts to support the claim.  *Twombly, 550 U.S. at 555-56; see also Balistreri v. Pacifica*

*Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).*

More recently, in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court

reiterated that the pleading standards articulated in *Twombly* apply to **all** civil actions.  Clearly if

plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint

must be dismissed." *Twombly,* 550 U.S. at 570.

In addition, Exhibits under Fed R. Civ. P. 10(c) may be considered for purposes of a Rule 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1555 (9th Cir. 1990). A court may disregard allegations in the body of a complaint if those allegations are contradicted by facts established by reference to documents…" *See Durning v. First Boston Corp., 815* F.2d 1265, 1267 (9th Cir. 1987).

When the foregoing authorities are applied to Plaintiff's complaint, it becomes clear that the complaint should be dismissed with prejudice.

**B.    Dismissal of all claims asserted against Defendants is warranted under Rule 12(b)(6).**

In the complaint, Plaintiff fails to make **any** substantive allegations of wrongdoing by Defendants. The complaint fails to even offer a formulaic recitation as to any wrongdoing by Defendants. It is not appropriate for a court to assume that a plaintiff "can prove facts which [plaintiff] has not alleged or that the Defendants have violated the …laws in ways that have not been alleged." *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Because the complaint utterly fails to allege how Defendants violated any of the laws identified in the complaint, Plaintiff's claims against Defendants should be dismissed with prejudice. Plaintiff in his complaint claims to be *"ignorant of the facts"* (See Pg 2, Line 12 of the Complaint) and fails to show how Defendants violated the comprehensive and exhaustive statutory framework regarding private trusts in California, instead only proffering slanderous titles in reference to the Defendants by casually inserting "fraud," "illegal," "fraudulent nature," and even "Practicing law without a license" without any supporting allegations to support such claims. Thus, *even if* Defendants had committed some procedural irregularity to date, the

complaint fails to plead the same, and also fails to plead how Plaintiff has suffered any specific

prejudice or monetary damages resulting therefrom.


**C.**      **Plaintiff's First Cause of Action for Declaratory Relief Fails**

Plaintiff's first cause of action for Declaratory Relief fails.  Clearly Plaintiff fails to allege any

specific actions of the Defendants that warrant Declaratory Relief.  In fact, in his complaint Plaintiff

makes general claims for relief that are unsupported by the record wherein Plaintiff merely seeks to

continue to unlawfully abscond with the real and personal property of Defendant, attempting to use

This Court to support the same.  Plaintiff does not, and can not in Good Faith allege any facts to

support the conclusion that Defendants should have all rights removed, be stripped of all personal

property, or why Plaintiff should be awarded $50,000.00.  While Plaintiff claims in his complaint to

be the rightful owner of the subject property, the record and facts demonstrate otherwise; that

Plaintiff is not on title, and instead released his interest in 2012 (See Exhibits A-D, i.e. Grant Deed to

Defendant – 2012).  As such, Defendant's Motion to Dismiss with Prejudice should be granted, as

Plaintiff's first cause of action fails.


**D.**      **Plaintiff's Second Cause of Action for Declaratory Relief – Constructive Trust Fails**

Plaintiff's second cause of action seeks declaratory relief in proposing a Constructive Trust,

presumably with the intent to create vicarious personal liability of the individual Defendants where

none exists.

Plaintiff in his complaint falsely claims under oath to hold rightful title to the property, then alleges

that Defendants converted rent funds for the subject property presumably to invoke This Court's

equitable powers.  Pursuant to Exhibits A-D, Plaintiff specifically authorized Defendants to hold

exclusive right to all rents in recovery of all Trustee advances to the estate. Nowhere in the record does it detail that Plaintiff retained any right to rents or possession of the subject property, instead forever irrevocably assigning the same to Defendants. On this basis alone, Plaintiff's second cause of action for Declaratory Relief – Constructive Trust, fails as fatally deficient and should be dismissed with prejudice.

**E.    Plaintiff's Third Cause of Action for Unlawful Business Practices (Cal. Bus. And Prof. Code 17200) Fails**

Plaintiff in his third cause of action alleges unfair business practices without alleging any specific violations by Defendants. Plaintiff does not state with any specificity how collecting rents as authorized by agreement, or lawfully acting as a duly authorized attorney-in-fact for Plaintiff constitutes "the practice of law without a license." Those with a basic knowledge of estate planning can agree that it is entirely common for non-lawyers to act as advocate for another via Power of Attorney, as their Attorney-in-fact, as is the case here (See Exhibit C). Plaintiff fails to allege any unfair conduct of Defendants to warrant injunction via Private Attorney General Doctrine, and therefore Plaintiff's third cause of action fails and should be dismissed with prejudice.

**F.    Plaintiff's Fourth Cause of Action for Fraudulent Misrepresentation Fails**

Plaintiff's fourth cause of action appears to be based upon the same previously referenced general allegations that Defendant engaged in the unauthorized practice of law without a license. As previously stated, this claim is not supported by any factual allegations of how Defendants asserted themselves to be licensed attorneys, or how they engaged in any "practice of law." Plaintiff in his fourth cause of action restates his prior unsubstantiated claims that are without any support in the record, and therefore Plaintiff's fourth cause of action fails and should be dismissed with prejudice.

**G.    Plaintiff's Fifth Cause of Action for Negligent Misrepresentation Fails**

Plaintiff in his fifth cause of action claims Defendants made "negligent misrepresentation(s)" by restating his previously inadequate claims that are not supported by the record, and are in themselves misrepresentations to this court, under verified oath.  Plaintiff's non-specific generalized allegations that are unsupported by any specific facts, or the factual record herein, should be dismissed with prejudice, as Plaintiff again fails to state a claim for which relief may be granted, and Plaintiff's fifth cause of action fails.

**H.    Plaintiff's Sixth Cause of Action for Breach of Fiduciary Duty Fails**

Plaintiff's sixth cause of action alleges "Hennessey's acts and omissions fell below the standard required for one acting in a fiduciary capacity" without stating any specific allegations of how Defendants' conduct met the standard for breach of fiduciary duty.  In fact, Defendants kept Plaintiff informed, disclosed the collection of rents, and kept Plaintiff apprised of the status of the ongoing negotiations with the mortgage company (See Exhibits I-M) and the 3 attempted sales of the property to a third party.  Plaintiff's sixth cause of action for breach of fiduciary duty is unfounded, inadequately pled, fatally fails, and therefore should be dismissed with prejudice.

**IV.    CONCLUSION**

**WHEREFORE**, the Undersigned does respectfully request this court to retain jurisdiction over this matter in the interests of justice, and prays for the following relief:

1.    Dismiss with prejudice the entirety of Plaintiff's complaint for failure to state a claim upon which relief may be granted, and

2.    Award Defendant damages and attorney fees for Plaintiff's frivolous filing, and

3.  Award Defendant damages for slanderous, defamatory, false allegations and *"verified"* statements of Plaintiff under penalty of perjury against Defendant, and

4.  Order Plaintiff to post bond in the amount of $50,000.00 as security for the real and personal property unlawfully in his possession, and

5.  Order Plaintiff to vacate the subject property immediately and return possession of the same along with all personal property of Defendant to Defendant, and

6.  Order that Plaintiff shall be disgorged of any remaining interest as a creditor in the subject property as a consequence for his actions, and

7.  Order Punitive and Exemplary damages in an amount appropriate to punish Plaintiff and deter others from engaging in similar misconduct and misuse of our court system.

I certify under Penalty of Perjury under the laws of the State of Washington that the foregoing is true and correct to my knowledge.

By: _____

GERALD HENNESSEY, TRUSTEE
7461 SHELTER COVE CIRCLE TRUST
1401 S. Sprague #193
Tacoma, WA 98405

3 bed, 3 bath, 3 story, 2 car garage                    http://orangecounty.craigslist.org/sub/2689166000.htm

[orange co craigslist] > housing > sublets & temporary          email this posting to a friend

*Stating a discriminatory preference in a housing post is illegal - please flag discriminatory posts as prohibited*          Thanks for flagging.

Avoid scams and fraud by dealing locally! Beware any arrangement involving Western Union, Moneygram, wire transfer, or a landlord/owner who is out of the country or cannot meet you in person. *More info*

# 1350ft² - 3 bed, 3 bath, 3 story, 2 car garage (Huntington Beach) (map)

Date: 2011-11-06, 7:54PM PST
Reply to: hous-27mcw-2689166000@craigslist.org (Errors when replying to ads?)

This house is in the short sale process. I am looking for someone to pay for 3 months rent, in advance, for a guaranteed 3 months, per obamas law. Now, the house is not guaranteed to sell quickly, it might take a year to sell, but no additional rent will be required! You could, technically, pay for 3 months and live there an additional 9 months for free! (Obviously, not guaranteed.) No deposit required, you will be given rights to the "cash for keys" program offered by the bank and you may take or sell, some items in the house. (Fridge, washer and dryer, microwave and 2 ceiling fans only.) If this all sounds abnormal, it's because it is!! I am ready to walk away from this house, and maybe help someone out in the process.

Rent is $2,333.33 per month x 3, $7,000 total, that's it. You arrange your own utilities.

Family oriented community, cul de sac location and close to green belt area.

Community pool and spa.

Park and tennis court within short walking distance.

The house is 3 stories with 3 bedrooms and 3 full baths, middle floor balcony.

The house features newer slate flooring, marble counter tops in kitchen and new designer interior paint.

It is available December 1st.

Bradley 714-715-5 two two 5

Shelter Cove Cir. at Main St. (google map) (yahoo map)

- cats are OK - purrr
- dogs are OK - wooof





1 of 2                                                                    11/12/11 5:49 P

3 bed, 3 bath, 3 story, 2 car garage                    http://orangecounty.craigslist.org/sub/268916600

- Location: Huntington Beach
- it's NOT ok to contact this poster with services or other commercial interests



PostingID: 2689166000

Copyright © 2011 craigslist, inc.    terms of use    privacy policy    feedback forum

**EXHIBIT** _A_



2 of 2                                                    11/12/11 5:49 PM

## MEMORANDUM OF INTENT / PRIVATE LEASE - AGREEMENT OF PARTIES

**1**

This memorandum is to memorialize the Agreement of Allan Hennessey (hereinafter "BUYER/LESSEE") and Bradley Donovan ("SELLER/LESSOR") (hereinafter the "parties") to enter into a binding agreement transferring exclusive possessory rights to the Land and Real Property commonly known as 7461 Shelter Cove Circle, Huntington Beach, CA

**2**

92648(hereinafter "Property") for a Lease Period of 1 year prepaid in consideration of $6,750.00 (SIX THOUSAND SEVEN HUNDRED FIFTY AND no/100 DOLLARS).  It is the agreement of the parties that included in this transaction herein is bill of sale

**3**

releasing/transferring all ownership interest rights to all non-permanent fixtures and appliances, (except dishwasher and stove which remain), and all other personal property remaining on premises after closing date below.

**4**

The Parties agree this transaction is by private contract.  The agreement of the parties includes the transfer/surrender of all current/future possessory rights to property during lease period (including rights to usage of all community amenities and to negotiate with

**5**

Homeowners Association). Seller releases and does quit claim all interest in his rights to enter the property to the buyer without recourse.

**6**

This agreement is subject to all existing security agreements against property, including Deed(s) of Trust, and is subject to potential outcomes such as short sale, or foreclosure of the property by a valid security interest holder, warranting the discounted consideration from the LESSEE.  LESSOR agrees to grant authority to LESSEE to defend his interest in

**7**

property as successor in interest, in due course, from all unlawful claims.  LESSEE understands that the period of 1 year may not be tenable, and that LESSEE may be required to vacate the property prior to end of term, due to valid third party claims, and agrees to

**8**

release and hold harmless LESSOR of any resulting liability.  LESSEE agrees to maintain property, and hold harmless LESSOR from any liability resulting from the usage of property. LESSOR agrees to the transfer of ALL utility responsibility to the LESSEE, and does grant authority for payment / negotiation / administration of all costs, taxes, Homeowner

**9**

Association dues, and property taxes at the discretion of the LESSEE, however parties agree neither LESSOR nor LESSEE will be liable for payment of any costs other than initial consideration, utilities, and repairs/maintenance of property.  The Parties enter into this

**10**

agreement in sound mind this 6th day of December 2011 in Good Faith, and agree to sign all necessary documents in the future that comport with the spirit of this memorandum, if necessary, closing this transaction and its terms herein as a final expression in a record, on December 6th, 2011, in Orange County, CA.

**11**

DATED: December 6th, 2011

**12**

_____        _____
Bradley Donovan, Seller Lessor          Allan Hennessey, Buyer LESSEE

**13**

X _____  $6,750.00 Received-in-Full
Notary Witness Godwin Ogunbike Ajih

**14**

See Attached Acknowlegement



EXHIBIT B

⑦

1

# EXHIBIT B

State of _California_ }

County of _Los Angeles_ }

On _12-07-2011_ before me, _GODWIN OGUBIKE AJIH_ Notary Public, personally appeared _BRADLEY WILLIAM DONOVAN AND GERALD ALLAN HENNESSEY_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf on which the persons(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

GODWIN OGUBIKE AJIH
COMM. #1838623
Notary Public · California
Los Angeles County
Comm. Expires Feb 26, 2013

_Godwin Ogubike Ajih_

## SPECIFIC LIMITED POWER OF ATTORNEY

I, BRADLEY W. DONOVAN, do hereby make and appoint **GERALD ALLAN HENNESSEY, HIS SUCCESSORS, AND/OR ASSIGNS,** to my true and lawful attorney-in-fact, without compensation, to act in my name and place: Granting to my attorney-in-fact full power and authority to mitigate, litigate, resolve, settle, and take legal action where necessary, with regard to any and all parties claiming security, equitable, and/or any other interest in the property known as:  PARCEL# 933-874-64 LEGALLY DESCRIBED AS: TRACT 15531, POR. OF LOT COMMONLY KNOWN AS:  7461 SHELTER COVE CIR. HUNTINGTON BEACH, CA 92648

Granting to my attorney-in-fact full power and authority to do every act and thing necessary or appropriate to carry out the foregoing powers, hereby ratifying and approving all that my attorney shall lawfully do by virtue of this Power of Attorney. My attorney shall have the power to appoint and/or remove one or more substitute attorneys to perform any or all of the above powers.  This Power of Attorney shall become effective as of the date of this document, and shall remain in effect until satisfactory resolution of all claims against the estate property listed above, and final liquidation of the estate property. This power of attorney shall be durable to the Grantor's estate. If any provision of this Power of Attorney shall be invalid or unenforceable, the remaining provisions hereof shall remain in full force and effect.  Grantor does hereby confirm the above Power of Attorney with signature below.

DATED:  3 - 23 - 2012

Grantor Name      BRADLEY W. DONOVAN

Signature

### AUTHORIZED REPRESENTATIVE
**JURAT**
STATE OF CALIFORNIA
COUNTY OF Riverside

In Murrieta_____ on the 23rd _____ day of March, 2012, 2011, before me, _____ a Notary Public in and for the above state and county, personally appeared BRADLEY W. DONOVAN, proved to me to be the person named in and who executed the foregoing instrument, and being first duly sworn, such person acknowledged that he or she executed said instrument for the purposes therein contained and subscribed to as his or her free and voluntary act and deed.

By: K. Ashton

NOTARY PUBLIC

My Commission Expires: 6/12/13

K. ASHTON
Commission # 1853711
Notary Public - California
Riverside County
My Comm. Expires Jun 12, 2013

⑨

**EXHIBIT** C

RECORDING REQUESTED BY:
**BRADLEY W. DONOVAN**

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO:
**BRADLEY W. DONOVAN**
**C/O 7461 SHELTER COVE CIRCLE TRUST**
**7461 SHELTER COVE CIRCLE**
**HUNTINGTON BEACH, CA 92648**

**Recorded in Official Records, Orange County**
**Tom Daly, Clerk-Recorder**

12.00

* $ R 0 0 0 4 6 7 1 6 0 3 $ *
**2012000171547** 4:30 pm 03/26/12
**62 417 G02    3**
**0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00**

A.P.N.: 933-874-64                SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# TRUST TRANSFER GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(S) UNDER PENALTY OF PERJURY THAT THE FOLLOWING IS TRUE AND CORRECT:
DOCUMENTARY TRANSFER TAX IS $ NONE
[] Computed on full value of property conveyed, or [] computed on full value less value of liens or encumbrances remaining
at time of sale or transfer.
[X] "This conveyance transfers an interest into or out of a living trust R & T 11930."

[] Unincorporated area:        [X] city of   TUSTIN    AND  *Gerald Allan as trustee of*

GRANTOR(S): **BRADLEY W. DONOVAN**, hereby GRANT(S) TO: **7461 SHELTER COVE CIRCLE TRUST** the
following described real property in the County of ORANGE, State of CALIFORNIA:

LEGAL DESCRIPTION
TRACT 15531, POR. OF LOT.   *see Exhibit A*

Dated:   3-23-2012

**BRADLEY W. DONOVAN**

STATE OF CALIFORNIA
COUNTY OF *Riverside*        } SS.
On *March 23, 2012*        before me *K. Ashton*        Notary Public, personally
appeared *Bradley W. Donovan*        who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of CALIFORNIA that the foregoing paragraph is true
and correct.

WITNESS my hand official seal.

K. ASHTON
Commission # 1853711
Notary Public - California
Riverside County
My Comm. Expires Jun 12, 2013

(10)

Signature _____

(This area for official notarial seal)


EXHIBIT C                MAIL TAX STATEMENTS AS DIRECTED ABOVE

## *EXHIBIT A – MEMORANDUM OF INTENT -PRIVATE*

THIS MEMORANDUM IS TO ENCOMPASS THE COMPLETE INTENT OF THE PARTIES TO ENTER INTO A PRIVATE BINDING AGREEMENT IN REFERENCE TO THE TRANSFER OF THE REAL PROPERTY COMMONLY DESCRIBED AS 7461 SHELTER COVE CIRCLE, HUNTINGTON BEACH, CA 92648 HEREIN THIS MEMORANDUM WHEREAS: 7461 SHELTER COVE CIRCLE TRUST (GRANTEE) SHALL DELIVER TO BRADLEY DONOVAN (GRANTOR), VIA GERALD HENNESSEY (TRUSTEE), 50% OF THE NET PROCEEDS OF SALE OF THE REAL PROPERTY COMMONLY DESCRIBED AS 7461 SHELTER COVE CIRCLE, HUNTINGTON BEACH, CA 92648 PAYABLE ONLY AT TIME OF LIQUIDATION TO A THIRD PARTY, AFTER WHICH IT CARRIES A MARKETABLE TITLE, FREE AND CLEAR OF ALL ENCUMBRANCES. GRANTEE SHALL RECOVER ALL LEGAL AND OTHER EXPENSES FROM RENTAL/USE OF THE PROPERTY, AND REMAINING PROCEEDS, POST DISTRIBUTION, UNLESS OTHERWISE ORDERED BY A COURT OF COMPETENT JURISDICTION. IT IS AGREED THAT GRANTEE SHALL BEAR LIABILITY FOR PAYMENT OF ALL LEGAL COSTS, WHILE GRANTOR AND TRUSTEE, ARE HEREBY FULLY INDEMNIFIED AGAINST ANY AND ALL CLAIMS FOR SAID COSTS. IT IS FURTHER AGREED THAT REASONABLE COSTS OF RENOVATIONS, REPAIRS, CLOSING COSTS, AND OTHER MARKETING COSTS SUCH AS REALTOR FEES SHALL BE DEDUCTED FROM GROSS PROCEEDS, PRIOR TO NET DISTRIBUTION TO PARTIES.

*Repairs not to Exceed $10,000.00 BWB*

THE TERMS HEREIN REPRESENT THE COMPLETE TERMS OF AGREEMENT, SPECIFICALLY LIMITING GRANTOR'S INTEREST IN THE TRUST AND PROPERTY AS A FUTURE CREDITOR OF NET PROCEEDS, FOREVER IRREVOCABLY GRANTING ALL CLAIMS/INTEREST TO 7461 SHELTER COVE CIRCLE TRUST ACCEPTING ALL RESOLUTION AND OUTCOMES AS FINAL. GRANTOR SPECIFICALLY AGREES TO HOLD HARMLESS GRANTEE AND TRUSTEE FROM ANY AND ALL CLAIMS INCLUDING LIABILITY FOR ANY LOSS OF PROPERTY OR INABILITY TO DELIVER FREE AND CLEAR TITLE. IN SUCH EVENT THAT MARKETABLE TITLE IS NOT ACHIEVED, GRANTEE RESERVES THE RIGHT TO PURSUE DAMAGES FROM ANY ADVERSE PARTIES EFFECTING DAMAGES AGAINST SAID TITLE, INTERESTS, OR PROPERTY, INCLUDING ENTERING INTO A SETTLEMENT AGREEMENT WITH SAID PARTIES, WHERE IT IS AGREED 50% OF NET SETTLEMENT FUNDS SHALL BE RELEASED IN ACCORDANCE WITH THE ABOVE TERMS IN FULL SATISFACTION OF THIS MEMORANDUM AGREEMENT, WITHOUT RECOURSE, AS THE FINAL EXPRESSION IN A RECORD.

DATED: 3 - 23 - 2012

/S/ GERALD ALLAN HENNESSEY
TRUSTEE, 7461 SHELTER COVER CIRCLE TRUST, GRANTEE

BRADLEY DONOVAN, GRANTOR

ATTACHMENT: CALIFORNIA NOTARY ACKNOWLEDGEMENT OF GRANTOR

EXHIBIT C


# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of Riverside

On March 23, 2012 before me, K. Ashton, Notary Public,
(Here insert name and title of the officer)

personally appeared Bradley Donavan

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

K. Ashton
_____
Signature of Notary Public

K. ASHTON
Commission # 1853711
Notary Public - California
Riverside County
My Comm. Expires Jun 12, 2013

(Notary Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

Exhibit A - Memorandum of
(Title or description of attached document)

Intent - Private
(Title or description of attached document continued)

Number of Pages 1    Document Date 3/23/12

(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- ☒ Individual (s)
- ☐ Corporate Officer

  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other

**EXHIBIT C**

### INSTRUCTIONS FOR COMPLETING THIS FORM

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

## UNINSURED TRANSACTION AFFIDAVIT

**This Affidavit when fully completed is to be signed and notarized before returning to enable
First American Title Company to insure the presently pending transaction.**

I, Bradley W. Donovan, affirm(s) as follows:

1. I am the person who made, executed, and delivered the deed dated March 23, 2012,
   INSTRUMENT NO. 12-171547 of Official Public Records of Orange County recorded
   March 26, 2012, conveying the following described property:
   SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF BY
   THIS REFERENCE HERETO.
   Commonly known as 7461 Shelter Cove Circle, Huntington Beach, CA 92648

2. Consideration in the amount of $0.00 no consideration, (a gift) was paid for this conveyance.

3. That possession of said premises has been surrendered to the grantee. 

4. When I signed and delivered the deed to grantee, I understood the effect of the deed, knew what I
   was signing, and signed it freely, voluntarily and without being under and duress.

5. This Affidavit is made for the protection and benefit of the grantee, the Grantee's successors and
   assigns, and all other parties hereafter dealing with or who may acquire an interest in the above
   mentioned property, and for the purpose of inducing First American Title Company to insure title
   to the above mentioned property.   I know that First American Title Company will rely on this
   Affidavit and that, but for my assurances First American Title Company would not insure the
   property.

6. **I acknowledge I have read the foregoing and fully Indemnify and Hold First American Title
   Company harmless against any liability occasioned by this company's reliance upon
   statements I have made in this Affidavit.**

X _____          _____
**BRADLEY W. DONOVAN**

Dated: _____ *8-23-2013* _____

**STATE OF CALIFORNIA**
**COUNTY OF** _____ *Riverside* _____

On _*23 Aug 13*_ , before me, _____ , personally appeared
_____ personally known to me (or proved to me on the
basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s)
or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

(13)

Signature: _____

**EXHIBIT**

SWC1500167 Case Report - Riverside Civil & Small Claims                                9/28/15, 5:21 PM

# RIVERSIDE SUPERIOR COURT
## PUBLIC ACCESS

## Case Report

📷 **Camera indicates that a document may be purchased.**
**View Document Fee Schedule**

1   **First Page icon indicates you can view the first page of a Complaint for free.**

<u>Send me an email when this case is updated (click here)</u>

Print This Report

Close This Window

### Case SWC1500167 - US BANK VS DONOVAN

### Case SWC1500167 - Complaints/Parties

**Complaint Number:** 0001 — UD Unlawful Detainer Complaint of US BANK NA
**Original Filing Date:** 01/23/2015
**Complaint Status:** Judgment 03/05/2015          *WRIT SATISFIED 5/29/15*

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | Plaintiff | US BANK NA | ALEXANDER LAW FIRM | Judgment 03/05/2015 |
| 2 | Defendant | BRADLEY W DONOVAN | Unrepresented | Default Judgment 03/05/2015 |
| 3 | Unknown Occupant(s) | UNKNOWN OCCUPANT(S) | Unrepresented | Default Judgment 03/05/2015 |
| 4 | Claimant/Right to Possession | BRIAN DAVIS | Pro Per | Default Judgment 03/05/2015 |
| 5 | Claimant/Right to Possession | CAROL HILL | Pro Per | Default Judgment 03/05/2015 |
| 6 | Claimant/Right to Possession | ADAM MILLER | Pro Per | Default Judgment 03/05/2015 |
| 7 | Claimant/Right to Possession | MARY S WILSON | Pro Per | Default Judgment 03/05/2015 |



**EXHIBIT E**

SWC1500167 Case Report - Riverside Civil & Small Claims                                    9/28/15, 5:21 PM

## Case SWC1500167 - Actions/Minutes

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| N | 05/29/2015 | WRIT OF POSSESSION RETURNED SATISFIED | | 🖼 |
| | 04/24/2015 8:00 AM DEPT. S205 | HEARING RE: MOTION TO/FOR ORDER VACATING AND SETTING ASIDE DEFAULT (AND DEF JUD) BY BRIAN DAVIS, CAROL HILL, ADAM MILLER, MARY S WILSON | Off-Calendar | |
| **Minutes** | | Print Minute Order | | |
| N | 04/06/2015 | PROOF OF SERVICE BY MAIL OF OPPOSITION TO MOTION ON ADAM MILLER;ET AL WITH A MAILING DATE OF 04/02/15 FILED. (NON-COMPLAINT) | Not Applicable | 🖼 |
| N | 04/06/2015 | OPPOSITION TO MOTION FOR ORDER VACATING AND SETTING ASIDE BY US BANK NA FILED | Not Applicable | 🖼 |
| N | 03/27/2015 | NOTICE ORDER WITHOUT APPERANCE RULES OF COURT 321(C) BY BRIAN DAVIS, CAROL HILL, ADAM MILLER, MARY S WILSON FILED. | Not Applicable | 🖼 |
| | 03/27/2015 | HEARING SET 4/24/15 AT 8:00 IN DEPARTMENT S205 | | |
| N | 03/27/2015 | MOTION TO SET ASIDE JUDGMENT BY DEFAULT ON UNLAWFUL DETAINER COMPLAINT FILED 01/23/2015 OF US BANK NA AS TO BRIAN DAVIS, CAROL HILL, ADAM MILLER, MARY S WILSON REPRESENTED BY PRO/PER FILED. | | 🖼 |
| N | 03/24/2015 | NOTICE OF STAY OF PROCEEDINGS (AFTER JUDGMENT) FILED BY MARY S WILSON | Not Applicable | 🖼 |
| | 03/24/2015 8:00 AM DEPT. SCLRK | DATE TO SEND NOTICE RE OSC ON UNLAWFUL DETAINER | Vacated | |
| | 03/20/2015 8:00 AM DEPT. S205 | HEARING ON DEMURRER TO UNLAWFUL DETAINER COMPLAINT FILED 01/23/2015 OF US BANK NA BY BRIAN DAVIS, CAROL HILL, ADAM MILLER, MARY S WILSON | Vacated | |
| N | 03/05/2015 | DECLARATION IN SUPPORT OF ISSUANCE OF WRIT OF POSSESSION FILED BY US BANK NA. | Not Applicable | 🖼 |
| | 03/05/2015 | WRIT OF POSSESSION ISSUED FOR RIVERSIDE COUNTY | Not Applicable | |
| **Minutes** | | Print Minute Order | | |
| | Receipt: 150305-0141 | $25.00 | | |
| N | 03/05/2015 | APPLICATION FOR JUDGMENT FOR RESTITUTION OF PREMISES ONLY, PURSUANT TO C.C.P. 1169. | Not Applicable | 🖼 |
| N | 03/05/2015 | JUDGMENT BY DEFAULT BY CLERK - POSSESSION ONLY FILED 03/05/15 | Not Applicable | 🖼 |
| | | REQUEST FOR ENTRY OF DEFAULT AND CLERK'S JUDGMENT FOR POSSESSION ONLY ON THE UNLAWFUL DETAINER | Not | |

EXHIBIT ___



9/28

EXHIBIT _F_

(16)



**EXHIBIT** 



B6A (Official Form 6A) (12/07)

IN RE Donovan, Bradley William

Debtor(s)

Case No.

(If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Debtor residence located at 42646 Meadowlark Ridge Murrieta CA 92562 Currently in Foreclosure** | | | 650,000.00 | 626,521.00 |
| | | TOTAL | 650,000.00 | |

(Report also on Summary of Schedules)

18

EXHIBIT _H_

© 1992-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Case 6:14-bk-16175-MH    Doc 1    Filed 05/10/14    Entered 05/10/14 12:18:03    Desc
Main Document      Page 15 of 63

B6C (Official Form 6C) (04/13)

IN RE Donovan, Bradley William

Debtor(s)                                                Case No. _____
                                                                        (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds $155,675. *
(Check one box)
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| **Debtor residence located at 42646 Meadowlark Ridge Murrieta CA 92562 Currently in Foreclosure** | CCCP § 703.140(b)(1) | 24,500.00 | 650,000.00 |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Cash on hand** | CCCP § 703.140(b)(5) | 50.00 | 50.00 |
| **Checking account** | CCCP § 703.140(b)(5) | 210.00 | 210.00 |
| **Saving account** | CCCP § 703.140(b)(5) | 8.00 | 8.00 |
| **Misc household goods and furnishings** | CCCP § 703.140(b)(3) | 2,000.00 | 2,000.00 |
| **Misc books and pictures** | CCCP § 703.140(b)(3) | 100.00 | 100.00 |
| **Wearing apparel** | CCCP § 703.140(b)(3) | 250.00 | 250.00 |
| **Misc Jewelry** | CCCP § 703.140(b)(4) | 250.00 | 250.00 |
| **Misc Hobby equipment** | CCCP § 703.140(b)(3) | 350.00 | 350.00 |
| **1997 Chevrolet Suburban 1500 (Miles 182,000)** | CCCP § 703.140(b)(2) | 570.00 | 570.00 |
| **Office equipment** | CCCP § 703.140(b)(5) | 500.00 | 500.00 |
| **Tools used for business** | CCCP § 703.140(b)(6) | 4,000.00 | 4,000.00 |

⑲

© 1990-2013 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

*Amount subject to adjustment on 4/1/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*


EXHIBIT _H_

B6D (Official Form 6D) (12/07)

IN RE Donovan, Bradley William                                                                          Case No. _____
_____                                                                    (If known)
                                Debtor(s)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 6579 <br><br> Carrington Mortgage Services <br> P O Box 54285 <br> Irvine, CA 92619 | X | | Debtor residence located at 42646 Meadowlark Bridge, Murrieta, CA 92562 <br><br><br> VALUE $ 650,000.00 | | | | 626,521.00 | |
| ACCOUNT NO. | | | <br><br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br><br> VALUE $ | | | | | |
| 0 continuation sheets attached | | | Subtotal <br> (Total of this page) | | | | $ 626,521.00 | $ |
| | | | Total <br> (Use only on last page) | | | | $ 626,521.00 | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

**EXHIBIT 4**

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only



**Bank of America**

**Home Loans**

400 National Way
Mailstop CA6-919-02-22
Simi Valley, CA 93065

December 19, 2012

Gerald Allan
19744 Beach Blvd #420
Huntington Beach, CA 92648

Re:    Borrower: Bradley W. Donovan

To whom it may concern:

This letter is in reference to correspondence dated Not dated,  received by Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, on December 17, 2012.

Your request did not include written authorization from the borrowers for us to release loan information to you on their behalf.  In the interest of protecting our customers' privacy, please mail a signed authorization to my attention at Bank of America, P.O. Box 942019, Simi Valley, CA 93094-2019 within <u>10 business days</u> from the date of this letter, which will be <u>January 4, 2013</u>, otherwise, we will not be able to respond to your inquiries and this file will be closed.

Sincerely,

*Susan Perez*

Susan Perez
Litigation Specialist II
Qualified Written Request (QWR) Group

Exhibit I

**Bank of America**

1757 Tapo Canyon Road
Mailstop CA6-913-02-29
Simi Valley, CA  93063

January 02, 2013

Bradley W. Donovan                    **VIA FEDERAL EXPRESS: 7944 2648 5666**
7461 Shelter Cove Circle
Huntington Beach, CA 92648

Re:    BAC Loan Number:        XXXX85322
       Property Address:       7461 Shelter Cove Circle, Huntington Beach, CA 92648

Dear Mr. Donovan:

Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, ("Bank of
America, N.A."), is in receipt of undated correspondence, sent December 14, 2012, purportedly
on your behalf by one "Gerald Allan", wherein it is claimed that there may be violations of
federal law related to the origination and servicing of the above-referenced mortgage loan
transaction.

Although the correspondence fails to state any specific basis for rescission, the loan file was
reviewed for the right to rescind pursuant to the federal Truth in Lending Act and Regulation Z
(collectively "TILA"). TILA provides that if required notices or material disclosures are not
delivered to the consumer, the right to rescind shall expire three (3) years after consummation of
the loan. However, because the subject loan closed in September 2005, any extended right to
rescind, if applicable, has expired pursuant to TILA.

Based on the foregoing, any request to rescind the mortgage loan transaction is denied pursuant
to TILA, and the matter is now closed. In providing this response, Bank of America, N.A. is
making no admission of any TILA violations related to this transaction. The remainder of the
correspondence has been, or shall be responded to under separate cover. For information
regarding loan workout assistance, please contact BAC Retention Division at 800-669-0102.

Please feel free to contact me in writing should you have any questions or need additional
information.

Sincerely

Matt Cooper
Litigation Specialist

Exhibit J

**Bank of America** 

Home Loans

400 National Way
Mail Code: CA6-919-02-22
Simi Valley, CA 93065

August 22, 2013

Bradley W. Donovan
7461 Shelter Cove Circle
Huntington Beach, CA 92648

Re:    Property Address: 7461 Shelter Cove Circle, Huntington Beach, CA 92648
       Bank of America loan number ending in: 5322

Dear Mr. Donovan:

We are in receipt of your correspondence dated August 9, 2013, which was received on August 13, 2013, by Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("Bank of America"), regarding the referenced loan.

The concerns addressed in your correspondence require further detailed analysis. We will respond to your request after we have completed our investigation.

If you have any questions pertaining to this matter in the interim, please contact the assigned QWR Associate, Esther Gray, at 1.805.577.3167. For all other questions or concerns relating to the servicing of the loan, please contact Bank of America's Customer Service Department at 1.800.669.6607.

Sincerely,

*Esther Gray*

Esther Gray
Litigation Specialist II
Qualified Written Request (QWR) Services

Revised 4-1-13
ACK01 (2)

*Exhibit K*



**BAYVIEW**
LOAN SERVICING

SEPTEMBER 25, 2013

GERALD ALLAN HENNESSEY
19744 BEACH BLVD #420
HUNTINGTON BEACH, CA 92648

LOAN NUMBER:     659704          BRADLEY DONOVAN
SUBJECT:         **SETTLEMENT**

Dear Mr. Hennessey:

This letter is in response to the recent correspondence received in our office regarding the above account.

Please be advised we are in receipt of your "Final Pre-Litigation Offer for Settlement" letter. However, we have determined that we are unable to accept your offer.

If you have any further questions, please contact Kevin McConnell at (855) 820-4531 ext. 8842. He is the Asset Manager assigned to Mr. Donovan's account.

Thank you for the opportunity to respond to your concerns.

Sincerely,

Brittnie Forde
Research Department

$Exhibit$ **1**



BLANK    ROME llp
COUNSELORS AT LAW

Phone:    (215) 569-5391
Fax:      (215) 832-5391
Email:    LBowes@BlankRome.com

September 27, 2013

Bradley W. Donovan
7461 Shelter Cove Circle
Huntington Beach, CA 92648

Re:    Borrower(s): Bradley W. Donovan (the "Borrower")
       Property Address: 7461 Shelter Cove Circle, Huntington Beach, CA 92648
       Loan Number Ending In: 5322 (the "Loan")

Dear Mr. Donovan:

This firm represents Bank of America, N.A., as successor by merger to BAC Home Loans
Servicing, LP ("Bank of America") for the sole purpose of responding to your correspondence
dated August 9, 2013 (collectively, the "Letter"). In the Letter you request information, and
make certain allegations and conclusions, regarding the Loan.

Please be advised Bank of America released servicing of the Loan effective May 16, 2013. The
current servicer of the Loan is Bayview Loan Servicing, LLC, which has an address at 4425
Ponce De Leon Bouelvard, 5th floor mailroom, Coral Gables, FL 33146, and a telephone number
of (800) 457-5105. Should you require additional information regarding the Loan after
reviewing this correspondence, please contact the current servicer.

Enclosed is a Payment History, which provides a detailed outline of transactions for this Loan
during Bank of America's servicing. The Payment History provides pertinent information on
payments received, tax and insurance payments disbursed, funds in the suspense/unapplied funds
balance, and late charges assessed and paid. The Payment History is designed to be user-friendly
and there are no codes or terms used in the Payment History that require specific definitions.

To the extent the Letter can be construed as a request for verification of the debt, please be
advised that the Loan is evidenced by a Note dated September 8, 2005, in the principal amount
of $283,500.00, executed by the Borrower, in favor of America's Wholesale Lender, a copy of
which is enclosed. The note is secured by a Deed of Trust dated the same date, a copy of which
is also enclosed. Please see the enclosed documents for more information.

Please contact the current servicer for information concerning the current owner of the note and a
payoff demand statement.

*Exhibit N*

One Logan Square  130 North 18th Street  Philadelphia, PA 19103-6998
www.BlankRome.com

September 27, 2013
Page 2

For information concerning MERS, if any, please see the enclosed copy of the Deed of Trust.

The Letter purports to, among other things, invalidate the Loan documents, and demands that Bank of America respond to various inquiries and demands for information and/or documentation, concluding that any failure to by Bank of America to take certain actions will confer certain rights upon the Borrower. Please be advised that Bank of America is under no duty or obligation to respond to the Letter in the manner demanded by the Borrower or to take any actions demanded therein. Additionally, please be advised that the remaining claims and other allegations contained in the Letter are vague and conclusory, are without legal or factual support, and are inconsistent with the documents signed by the Borrower at closing. Please be further advised that notwithstanding anything contained in the Letter or any failure by Bank of America to respond to all or any portion of the Letter, the Loan documents remain enforceable as written and the respective rights and obligations of the parties remain unaffected.

The remainder of the requests contained in the Letter are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by Bank of America. Accordingly, these requests are declined as they seek documentation that goes beyond that which is available through a QWR under 12 U.S.C. §2605.

In providing the above response, Bank of America is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under your Loan documents, at law or in equity, all of which rights and remedies are expressly reserved.

Questions or concerns regarding the contents of this letter should be submitted to Bank of America in writing at P.O. Box 942019, Simi Valley, CA 93094-2019. If you have other questions or concerns regarding the Loan, you may contact Bank of America's Customer Service Department at (800) 669-6607; however, we recommend that you contact the current servicer.

Sincerely,

Louise Bowes

Enclosures

EXHIBIT M

O.C. Builders Inc
9121 Atlanta Ave # 839 Huntington Beach ca
92646



# INVOICE

Allan Henessey
7461 Shelter cove Huntington Beech ca

| | |
|---|---|
| **Invoice #** | 0000176 |
| **Invoice Date** | 07/13/2015 |
| **Due Date** | 07/13/2015 |

| Item | Description | Unit Price | Quantity | Amount |
|------|-------------|-----------|----------|--------|
| | BALANCE DUE $ 1881.00 | 1881.00 | 1.00 | 1,881.00 |

*Tile + Stonework Restoration*

| | |
|---|---|
| Subtotal | 1,881.00 |
| **Total** | 1,881.00 |
| **Amount Paid** | 1,881.00 |
| **Balance Due** | $0.00 |

Exhibit  N